IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOARD OF TRUSTEES OF THE )
NORTHERN ILLINOIS BENEFIT FUND, )
BOARD OF TRUSTEES OF THE )
NORTHERN ILLINOIS PENSION FUND, )
BOARD OF TRUSTEES OF THE )
NORTHERN ILLINOIS EDUCATION )
FUND, BOARD OF TRUSTEES OF ) No.
THE NORTHERN ILLINOIS )
RETIREMENT FUND, ) Judge
 )
                Plaintiffs, ) Magistrate
 )
v. )
 )
SWS Services, LLC, )
An Illinois limited liability company, )
 )
                Defendant. )

FILED: MAY 1, 2008
08cv2500 j. n.
JUDGE PALLMEYER
MAG. JUDGE COX

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, SWS Services, LLC, an Illinois limited liability company, as follows:

    1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, SWS Services, LLC, (**"SWS"**), is Illinois limited liability company and is doing business within this Court's jurisdiction.

(b) **SWS** is an employer engaged in an industry affecting commerce.

5. **SWS** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees since at least June 9, 2005. (See copy of signed Memorandum of Agreement attached hereto as Exhibit "1").

6. By virtue of certain provisions contained in the collective bargaining agreements, **SWS** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **SWS** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period July 9, 2005 through present, **SWS** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, **SWS**, is necessary in order to determine any amounts the Defendant, **SWS**, owes to the Plaintiffs for the period from July 9, 2005 to the present.

10. Due to its failure to pay the contributions, **SWS** is further obligated to pay contributions in an amount shown to be due under an audit.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That Defendant be ordered to submit the books and records of the Defendant to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from July 9, 2005 to the present.

B. That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C. That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D. That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E. That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

      Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By: s/Philip Brzozowski
    One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT 1**

## MEMORANDUM OF AGREEMENT

This Agreement is entered into between Plumbers and Pipefitters Local 501 and

___SWS SERVICES LLC___ (The Employer):

1. The employer recognizes the Local Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the Craft and Geographic Jurisdiction of the Union with respect to their wages, hours of work, fringe benefits and all other terms and conditions of employment.

2. The employer affirms the Collective Bargaining Agreement between the Union and the Plumbing and Mechanical Contractors Association of Northern Illinois and Midwestern Association for Plumbing-Heating-Cooling Contractors.

3. The Collective Bargaining Agreements between the Association and the Union are incorporated herewith as if they were set forth in full and the Employer acknowledges receipt of a copy of the Collective Bargaining Agreement.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Education Fund, and Industry Fund and to be bound by and considered a party to the Agreements and Declarations of Trust creating such Funds.

5. This Agreement shall remain in full force and in effect through May 31, 2008, shall continue thereafter, unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. In the absence of service of such notice, this Agreement shall automatically renew itself, together with all amendments and improvements as negotiated after said expiration by and between the Union and the above named Association for the new terms of these Agreements.

This Agreement is hereby executed on this __9TH__ day of __JUNE__, 20__05__.

FIRM NAME __SWS SERVICES LLC__

ADDRESS __13400 S. ROUTE 59 SUITE G #128__

CITY __PLAINFIELD__   STATE __IL__   ZIP __60544__

PHONE __(630) 878-8098__   PLUMBERS AND PIPEFITTERS LOCAL 501

Signature

Title __MEMBER MANAGER__

Larry G. Allport, Business Manager

**PLEASE FILL OUT THIS SHEET COMPLETELY AND RETURN TO LOCAL 501**