## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND,<br><br>    Plaintiffs,<br><br>vs.<br><br>SWS SERVICES, LLC, an Illinois limited liability company,<br><br>    Defendant. | No.   08 C 2500<br><br>Judge Rebecca R. Pallmeyer<br>Magistrate Judge Susan E. Cox |

## ANSWER TO COMPLAINT

Defendant, SWS SERVICES, LLC, ("SWS"), for answer to the Complaint states as follows:

    1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

    (b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

**ANSWER:**    Defendant admits the allegations of Paragraph 1 of the Complaint.

    2.    Venue is founded pursuant to 29 U.S.C. Section 1132(c)(2) in this District where the Funds, as described in Paragraph 3, are administered.

**ANSWER:**    Defendant admits the allegations of Paragraph 2 of the Complaint.

    3.    (a)    The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to pursuant to 29 U.S.C. Section 1132(d)(1).

    (b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the

collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

  4. (a) Defendant, SWS Services, LLC ("**SWS**"), is Illinois limited liability company and is doing business within this Court's jurisdiction.

    (b) **SWS** is an employer engaged in an industry affecting commerce.

**ANSWER:** Defendant admits the allegations of 8+Paragraph 4 of the Complaint.

  5. **SWS** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees since at least June 9, 2005. (See copy of signed Memorandum of Agreement attached hereto as Exhibit "1").

**ANSWER:** Defendant admits the allegations of Paragraph 5 of the Complaint.

  6. By virtue of certain provisions contained in the collective bargaining agreements, **SWS** is bound by the Trust Agreement establishing the Funds.

**ANSWER:** Defendant admits the allegations of Paragraph 6 of the Complaint.

  7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, SWS is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**ANSWER:** Defendant admits the allegations of Paragraph 7 of the Complaint.

  8. Plaintiffs are advised and believe that for the period July 9, 2005 through present, **SWS** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**ANSWER:** Defendant denies the allegations of Paragraph 8 of the Complaint.

9.  An audit by the Plaintiffs' accountant of the books and records of Defendant, **SWS**, is necessary in order to determine any amounts the Defendant, **SWS**, owes to the Plaintiffs for the period from July 9, 2005 to the present.

**ANSWER:**  Defendant denies the allegations of Paragraph 9 of the Complaint.

10.  Due to its failure to pay the contributions, **SWS** is further obligated to pay contributions in an amount shown to be due under an audit.

**ANSWER:**  Defendant denies the allegations of Paragraph 10 of the Complaint.

WHEREFORE, Defendant prays for an Order dismissing the Complaint, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

SWS SERVICES, LLC


By:   /s/ Steven H. Adelman
        One of Its Attorneys


Steven H. Adelman
Kevin D. Kelly
Erin R. Peterson
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
(312) 443-0405 (S. H. Adelman)
(312) 443-0217 (K. D. Kelly)
(312) 443-0415 (E. R. Peterson)

CHI1 1497227v.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2008, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

      Philip Brzozowski      philip.brzozowski@comcast.net
      Donald D. Schwartz      dds3662@yahoo.com

      /s/ Steven H. Adelman